PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions — Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under the penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $ _____ , you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

# United States District Court

**District:** MASSACHUSETTS

| | |
|---|---|
| **Name:** SEAN M. THOMAS | **Prisoner No:** W-50751  **Case No** 090463-67; 091840-42; 090514 |

**Place of Confinement**
SOUZA-BARANOWSKI CORRECTIONAL CENTER
p.o.box 8000
Shirley, MA. 01464

**Name of Petitioner** (include name under which convicted)
Sean M. THOMAS
(Sean Thomas A.K.A Maurice thomas)

**Name of Respondent** (authorized person having custody of petitioner)
V.    EDWARD FICCO

**The Attorney General of the State of:** MASSACHUSETTS, THOMAS F. REILLY

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   SUFFOLK COUNTY CRIMINAL COURT, 90 DEVONSHIRE STREET, 8th FL., BOSTON, MA. 002109

2. Date of judgment of conviction   JUNE 12th, 1991

3. Length of sentence   EIGHTEEN TO TWENTY-FIVE YEARS

4. Nature of offense involved (all counts)   AGGRAVATED RAPE; 2-COUNTS/ARMED ROBBERY; ARMED BURGLARY; 2-COUNTS/ASSAULT BY MEANS OF DANGEROUS WEAPON; ARMED ASSAULT IN DWELLING; ARMED ROBBERY; ASSAULT&BATTERY BY MEANS OF DANGEROUS WEAPON

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☐

(2)

ATTACHMENT(A)

(i) Denied effective assistance of counsel

The case against the petitioner, prosecution for rape, contained evidence most favorable to the prosecution; 1)Petitioner's fingerprints on an object(Glass Jar), discovered at the scene of the crime; and 2)Biomaterial collected from the victim of rape, conducted through a rapekit procedure. However, throughout the court proceedings, petitioner consistantly continued to inform counsel that he was innocent of the crimes charged against him and that someone else other than the petitioner committed the crimes on the night of the rape. Counsel neglected the theory of someone else committing the crimes, also counsel failed to investigate the photos used in the photo array procedure conducted by the police and the photo selected by the victim of rape, whereby the photo did not featured the petitioner. Further, counsel had knowledge that the victim gave police a description of the assailant, who was described as a black male between 5'11" to 6ft" tall, weighing 185lbs to 190lbs, had a medium build and between 27 to 29 years of age. Compared to the petitioner at the time of prosecution for rape, petitioner was 5'10" tall, weighing 165lbs, with a small build and 21-years of age. Further, counsel had knowledge of petitioner's informative evidence offered to a former appointed counsel(for the petitioner's arraignment), an admission involving the fingerprints impression onto the glass jar, was due to the act of burglarizing the victim's residence on an earlier date, whereby neither the victim nor the victim spouse were in the residence anytime during the burglary. Also during the specific act of the fingerprints impression, was due to the petitioner taking money from the glass jar that contained dollar bills and silver half dollar coins, where petitioner obtained only half of the loot while fleeing in fear from the residence(Through bedroom window), after hearing some-people coming into the building. According to police investigation a glass jar that contained the petitioner's fingerprints also contained silver half-dollar coins when police discovered the glass jar at the scene of the crime. Counsel had knowledge of this and

(2)

the testimonial evidence from the grand jury minutes containing the victim and the victim's spouse testimony that they both had informed the assailant of the whereabouts of all the money that they had at the time. Counsel had to know that this was essential to the petitioner's claims of innocence that someone else other than the petitioner committed the crimes on the night of rape, whereby the assailant was demanding more money so to buy drugs (as the victim and the victim's spouse stated at the grand jury minutes), had the assailant had discovered the silver coins it is fair to say the assailant would have taken the coins. Further, counsel had knowledge that the biomaterial collected from the victim of rape, was used for means to have test to the petitioner's blood samples(Blood, Saliva and Pubic Hairs), in which by a serology blood test. The test results concluded that the petitioner's blood samples were excluded of a match to the biomaterial collected as evidence from the victim of rape conducted through a rapekit procedure. During which this time the case against the petitioner had become a "Fingerprints-Only Case" due to exculpatory elements that had developed; the case of prosecution for rape. Where counsel wrongly advised the petitioner to accept a plea bargin and make a change of plea from a not guilty plea to a plea of guilty, and that counsel's advice was not within the wide range of reasonable professional assistance, and counsel either was ignorant to or neglected the applicable law of fingerprints evidence pertaining fingerprints-only cases, where counsel's performance of investigating the fingerprint evidence prejudiced the petitioner's defense when counsel neglected the petitioner's request to have the fingerprint expert examine the fingerprints to determine the age and how long prints been impressed onto the glass jar, instead counsel had the fingerprints expert to determine whether the fingerprints were planted in bad faith of the police, indicating police misconduct.
Had counsel advised the petitioner of the applicable law of fingerprints evidence that the prosecution will have the burden to prove beyond a reasonable dout before a jury that the fingerprints were impressed onto the glass jar during the commission of crime, petition-

3.

er would have not plead guilty and insisted on going before a jury trial. Consel's misrepresentation involving the charged of armed assault in a dwelling, pertaining a lineup that was supposely video taped according to counsel, during which the victim supposely identified the petitioner as the assailant. The lineup was the result of police misconduct, where police purposely spoke to the petitioner while the victim was watching, in which the victim immediately picked the petitioner out of the lineup. Also, petitioner was able to see the victim sitting directly in view of the petitioner due to her movements and the transparent viewing window that failed to entirely conceal the view of where the victim was sitting. After the lineup procedure, counsel admitted to petitioner that counsel observed what had happen during the the incident of the police speaking to petitioner while the victim was watching. Petitioner had requested that counsel to investigate, however, counsel said that the victim picked petitioner without the police having spoke to petitioner but counsel will observe the viewing the video tape of the lineup. In 1996, counsel went before a private attorney hired by the Committee for Public Counsel Services, by which counsel had been employed during the time of petitioner's prosecution for rape, Counsel went on recrd where private counsel was a witness, counsel stated for the record that at the time of the lineup procedure, counsel never told the petitioner that the lineup was videotaped. Petitioner provided evidence in his appedix to his appeal/reply brief containing letters that counsel sent to petitioner that evidently show that counsel did in fact told petitioner that the line up was videotaped.
Lastly, Petitioner was so misled by counsel's misreprestation as to the plea bargin consultation, where counsel misled the petitioner into beliving that plea hearing judge offered a lesser prisonterm. Counsel told petitioner that the plea hearing judge agreed to counsel's recommendation for a prison sentence of a 12to20 year sentence when instead the judge had agreed to sentence petitioner to a 18to25

(4)

years prisonterm. Petitioner's change of plea was due to the act of being pursuaded by counsel's misrepresentations that caused the petitioner to prematurely waived his right to a jury trial. Whereby, counsel failed to conduct any pre-trial investigation, failed to file the applicable motions and prior to a pre-trial conference, counsel failed to have petitioner present at the pre-trial conference due to the fact counsel waived his right to be present without petitioner's consent. Finally, counsel failed to investigate the photos used in the photo array involving two seperated criminal cases, the case for prosecution for rape and the case involving Armed Assault In a Dwelling.

Prior to the petitioner's indictment hearing, the appointed counsel for the accused(first appointed counsel), failed to be present during the proceeding before the court when petitioner was called before the court, whereby the prosecution presented their case against the petitioner, prosecution for rape and other charges. Counsel abadoned the petitoner and left him without a defense to present before the court, where petitioner met with an unknown appointed attorney who informed petitioner that his appointed counsel will not be available at this time. Petitioner received a $50,000 cash bail and a $500,000 surety at the conclusion of petitioner's indictment hearing.

ATTACHMENT(B)

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant

The petitioner's appeal, from the adverse ruling in the post-conviction proceedings pertaining petitioner's Rule 30(b)Motion, was submitted in results of prosecution misconduct of failure to disclosed highly material evidence that " <u>**NO DNA EVIDENCE EXSIST**</u>" . At Oral Argument on the appeal of the adverse ruling of the post-conviction proceedings, the Appeals Court's panel instructed the prosecution to obtain the DNA evidence so to provide the proper status to the DNA testing of petitioner's Blood Samples to the DNA evidence collected during the rapekit procedure conducted on the victim of rape, compared to the original serology blood test that was conducted by the police officials of the Sexual Assault Unit at the time of petitioner's pre-trial proceedings of prosecution for rape. However, on 3/6/02, after (2)-months from the date of the Oral Argument(1/9/02), the prosecution conducted an Ex-parte communication by mail; to the Justices of the panel of the appeals Court, produced highly material informative evidence in a letter that contained information that no DNA evidence exsist. Further, the prosecution failed to disclosed this highly material informative evidence to the petitioner,while the petitioner was deprived of the opportunity to refute the prosecution's claims that No DNA evidence exsist, or that the DNA evidence have been lost or destroyed in which the petitioner had no knowledge of the highly material informative evidence produced by the prosecution, therefore the prosecution's failure to disclosed the material pertaining that no DNA evidence exsist, prevented the petitioner of and meaningful access to a substantial presentation of his Petition for Rehearing and his Petition for Further Appellate Review, before the Massachusetts Appeals Court and Supreme Judicial Court, by which both petitions contained the prosecution's misconduct and failure to disclosed the highly material informative evidence that pertains no DNA evidence exsist..

ATTACHMENT(C)

(a)

Conviction obtained by plea of guilty
which was unlawfully induced or not made
voluntarily with understanding of the nature
of the charge and the consequences of the plea

Counsel informed Petitioner during a consultation some weeks prior to the Petitioner's guilty plea hearing, that counsel, along with the prosecutor, was before a judge, by which they had discussion about a plea bargin. That if the Petitioner was to make a change of plea from a not guilty plea to a plea of guilty, the judge will impose a prison term of 12-to-20-years that counsel recommended as opposed to the 25-to-40-years that the prosecutor recommended for prison time. Counsel informed Petitioner that the judge had decided what counsel recommended for prison time would be what he intend to impose if the Petitioner does enter a plea of guilty. Counsel explained that the remaining charges will run-concurrently to the leading indictment, aggravated rape. Further, that the unrelated crime containing a sexual offense, will not be charge against Petitioner. Counsel misled the Petitioner that the plea bargin was his only option and that the plea bargin was considered a very good option whereby, counsel explained that due to the fingerprints evidence against him, a trial will be unwise and if Petitioner was to bring the case before a trial of jury, the prosecutor will convince a jury to return a verdict of guilty. Further, counsel stated that the Petitioner could face 50-to-65-years of imprisonment if he take the case before a jury trial and is found guilty. Petitioner was pursuaded to take the plea bargin due to the fact he believed in the advice from counsel that this was his only option other than going before a jury trial with the chances of being found guilty and receive a 50-to-65-year imprisonment, when Petitioner could receive a 12-to-20- year imprisonment along with the remaining charges run-concurrently, despite the fact that the evidence of DNA collected from the victim of the unrelated sexual offense, by which was compared to the Petitioner's Blood Samples during a serology test, the results conclude inconclusive. Petitioner request-

(2)

ed that an expert that is not of the Commonwealth conduct the blood test, however, counsel informed Petitioner that the judge is unlikely to allow more funds to hire another expert.
At that time, counsel instructed the Petitioner about how a plea hearing is commenced and that the Petitioner must answer the judge's questions affirmative as to the charges that will be ask whether Petitioner did commit the crimes charged against him.
As to what counsel had told Petitioner of the recommended 12-to-20-year prison term that the judge will impose if the Petitioner does enter a plea of guilty, during the guilty plea hearing the judge instead informed Petitioner that if Petitioner does enter a plea of guilty, the sentence that the judge will impose would be a 18-to-25-year imprisonment. Further, that this prison sentence will require that the Petitioner serve at least 12-years before the eligibility of parole, where he may have to serve the whole 18-years. Counsel misled the Petitioner that he will receive a 12-to-20-year sentence, whereby the Petitioner's guilty plea hearing transcripts contains the above mentioned colloquy by the judge and counsel's admittance of the recommended 12-to-20-years that counsel misinformed Petitioner, that the judge was going to impose.
Had counsel inform the Petitioner of the applicable law of fingerprints only cases and that his other options that will require the prosecution the burden to prove beyond a reasonable doubt that the Petitioner's fingerprints were impressed during the commission of the crime, the Petitioner would not have pled guilty and would have taken the case before a jury trial.