UNITED STATES DISTRICT COURT
THE
DISTRICT OF MASSACHUSETTS


Sean Maurice THOMAS
PETITIONER

V.

Edward FICCO
RESPONDENT


AFFIDAVIT IN SUPPORT OF APPLICATION
TO PETITION FOR WRIT OF
HABEAS CORPUS

I, Sean Maurice Thomas is the petitioner in the above caption, and say that the following statements are true to the best of my knowledge, sworn under pains and penalty of perjury.

1. During my first visitation with trial counsel after the results of my indictment hearing, I informed trial (counsel) that I was innocent of the charge for Aggravated Rape and never have I had contact with the victim prior to the night of the rape nor since the night of the crime.

2. During my first visitation with trial counsel, I provided counsel with informative evidence as to my fingerprints discovered at the scene of the crime, that the fingerprint impression was due the act of burgalizing the residence on an earlier date, also, that my criminal record consists arrest of Breaking & Entering In the Day Time, and that this was the case with the victim's residence.

3. I informed trial counsel that I was unsucessful of obtaining all of the money from the glass jar on the day of burgalizing the

(2)

residence on an earlier date and that · explain the discovery of the coins inside the glass jar on the night of the rape.

4. Throughout the court proceedings, I have " consistantly continue to inform counsel that I was innocent of the charges against me and that someone else had to commit these crimes. "

5. Counsel imcompetently investigated the fingerprints to see whether the fingerprints were planted in bad faith of the police investigating the case, instead of investigating the fingerprints to determine if a fingerprint expert could examine the age of the prints due to the time of the impression of the fingerprints on an earlier date, as I requested.

6. Counsel failed to conduct reasonable investigation of the photo selected by the victim; that did not depict me where I had strongly indicated someone else might had committed the crimes on the night of the rape.

7. Counsel wrongly advised me of making a change of plea from a not guilty plea to a plea of guilty without representing other optional line of defense containing fingerprint only cases in which the prosecution's theory is based on the premise that the accuser handle certain objects "while committing the crime in question", the record must reflect or rather contain sufficient evidence from which the trier of fact could reasonably infer that the fingerprints were in fact impressed at the time and not at some earlier date, futher, in order for prosecution to meet this standard, the prosecution must present evidence sufficient to permit the jury to conclude that the objects touched on which the fingerprints appeared were inaccessible to the accuser prior to the commission

(3)

of the crime. Had counsel advised me to this applicable law of fingerprints only cases I would not have pleaded guilty and would have insisted on going to trial.

8. Counsel misled me about the recommendation for prison time, that that counsel's recommendation of 12 to 20 year imprisonment was what the judge will impose if I would make a change of plea from a not guilty plea to a plea of guilty, when instead the judge were going to impose an 18 to 25 year imprisonment. I trusted and believed counsel was at the time representing me to my best interest, where instead counsel misled me in order to have me plea guilty, that the prison time that I will serve would 12 to 20 years in which I relied on to my detriment in deciding to plea guilty.

9. All of the above statements 1 through 8 are raised in my affidavit in support of my motion to withdraw guilty pleas and for a new trial and my appeal.

10. In the course of appeal after oral argument, the appellee for the Commonwealth of Massachusetts, failed to disclose a letter to me that contained highly crucial informative evidence that was material and exculpatory to my case involving forensic evidence that was either lost or destroyed, and that this prevented me from presenting a proper defense. Further, the letter do not present why or how the forensic evidence was either lost or destroyed.

11. The above statements in paragraph-10, are presented and argued in my Petition for Rehearing, and "before the Supreme Judicial court of the Commonwealth of Massachusetts, presented in my application to obtain leave for further appellate review".

(4)

12. On 12/28/02, I sent a letter to the appellee for the State, a Ms.Amanda Lovell, of the District Attorney's Office for Suffolk County. Requesting the certification of a letter containing newly discovered informative evidence, that she sent in support of the State's Opposition to the Petitioner's appeal brief before the Massachusetts Appeals Court; Ms.Amanda Lovell purposely failed to send me a copy of the letter addressed to Panel of justices in which the letter states reasons that no DNA evidence exist.

13. On or about 2/12/03, I received a letter from Ms. Amanda Lovell, in response to my letter described in paragraph No.12, containing the requested copy of the letter describing that no DNA exist.

14. The requested copy of the letter containing newly informative evidence that no DNA exist, described how Ms. Amanda Lovell, obtained the newly informative evidence by which was from the Director of the Boston Police Department Crime Lab, a Mr. Donald Hayes. On 2/17/03, I sent a letter to Ms.Amanda Lovell, requesting any and all documentation and material containing the police reports and medical examination reports of the victim involved in the Petitioner's criminal case. Prior todate she has not provided the requested material and documentation.

15. On 7/4/03, I sent a letter to the appointed counsel prior to Petitioner's guilty plea hearing, The appointed counsel, a Ms.Holly A. Clarke, who misled Petitioner, in which Petitioner's letter requested Ms.Holly A. Clarke to provide me with a affidavit of the her recollection of plea hearing, the line-up procedure

(5)

and the discussion between herself, the prosecutor and the judge. Prior todate Ms.Holly A. Clarke has not provide me with the requested affidavit.

16. In July of 2003, I sent a letter to the Director of the Boston Police Department Crime Lab, one Mr.Donald Hayes, requesting any and all police reports and investigation reports pertaining to the victims of the Petitioner's criminal case.

17. On 10/3/03, I received a letter from Boston Police Department's legal advisor office. The letter informed me that the requested documents that I wish to obtain are not subjected to be release due to the fact they are protected from disclosure by statute M.G.L.c.4§7(26)(a).

18. On 10/18/03 I sent a letter to the Supervisor of public records, a Mr. Alan N. Cote, to petition an appeal to the denial of the requested documents by the Boston Police, and the failure of the Suffolk County District Attorney's Office, a Ms. Amanda Lovell, who failed to provide the entire documentation pertaining my criminal case.

19. On 11/3/03, I was in recipt of a response from the Secretary of Public Records, a Mr.Alan N. Cote. He informed me of the procedural process under 950 C.M.R. 32.08, if I am to pursue the matters (As described in paragraph No.18), regarding the Boston Police and the District Attorney's Office.

20. On 11/30/03, I sent a letter to the Director of the Boston Police Crime Lab, requesting the described material as mentioned in

(6)

paragraph No.16, in which I had addressed that my request for the material are for the matters involving a Petition for Writ of Habeas Corpus .

21. On 12/4/03, I was in receipt of a letter from the Secretary of the Public records, pertaining the Appeal petition against the failure to receive the requested material pertaining to the criminal case. The letter informed me that the Supervisor of Public Records will assign the appropriate office to take proper action.

22. On 12/23/03, I receive a letter from the Office of Public records, in result to the Appeal Petition against the Boston Police and the Suffolk County District Attorney's office.. I was informed that the authority of the Supervisor of Public Records does not permit this office to order disclosure of material(Records), in which a statute mandates nondiscloure.

23. On 1/6/04, I was in receipt of a letter from the Boston police Dept., the office of the Legal Advisor, in which this office had provided me copies of the Serology test results of the victims of two separated criminal cases, informing me that remaining material requested are protected form disclosure by statute.

24. On 2/2/04, I sent a letter to the Director of the Boston Police Crime Lab, requesting specifically the "Police Investigation report containing the allege identification of my fingerprints found on a glass jar, discovered at the crime scene.

25. On 2/11/04, I was in receipt of a letter from the Office of the Legal Advisor for the Boston Police Dept., informing me the requested material (As described in paragraph No.24), are protected from disclosure by statute. Prior todate I have not receive the following

(7)

documentation; Police Reports, Investigation Reports containing fingerprints evidence, and the remaining serology blood test results. Also, not during any time prior to-date since I have sought post-conviction-relief in the State court and filed several motions for discovery pertaining my criminal case, have the State Courts provided me the grand jury minutes, pre-trial conference report and affidavits from the former appointed counsel.

26. I, Sean M. Thomas, say that the following paragraphs 1 through 25, are true and accurate to the best of my knowledge sworn under pains and penalties of perjury on this  *17th*  day of  *March* , 2004,  *Sean M. Thomas* .