UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN M. THOMAS ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-10701-JLT |
| ) | |
| EDWARD FICCO ) | |
|     Respondent. ) | |

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of Edward Ficco's (the respondent) Motion to Dismiss the habeas corpus petition filed by Sean M. Thomas (the petitioner) on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1). The respondent has not answered the petition and his remaining defenses are not briefed in light of this motion.[1]

## PRIOR PROCEEDINGS

On September 11, 1990, a Suffolk County grand jury returned indictments against the petitioner for aggravated rape, breaking and entering in the nighttime with intent to commit a felony and two counts of armed robbery. On November 1, 1990, a Suffolk County grand jury returned indictments against the petitioner for armed robbery, armed assault in a dwelling with intent to commit a felony and assault and battery by means of a dangerous weapon. On June 12, 1991, the defendant pled guilty before Donohue, J. to

---

[1] Since it is clear from the face of the petition and the attached docket sheets that it is time-barred, the respondent will not, in the interest of economy, answer the petition or address any additional affirmative defenses. Should this Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petitioner or file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

all charges and was sentenced to concurrent terms of eighteen to twenty-five years un prison for each of the offenses except the assault and battery charge, for which was sentenced to nine to ten years, to be served concurrently with the other terms.

On November 15, 1999, the petitioner filed a pro se motion to withdraw his guilty pleas and for a new trial. This motion was denied on December 16, 1999 by Donohue, J. On January 20, 2000, the petitioner filed a notice of appeal from the denial of his motion. On December 6, 2002, the Massachusetts Appeals Court affirmed the denial of the motion in an unpublished opinion pursuant to Mass. R. App. Prac. 1:28. *Commonwealth v. Thomas*, 56 Mass. App. Ct. 1113, 779 N.E.2d 1004 (2002). The petitioner's application for further appellate review was denied by the Supreme Judicial Court on April 2, 2003. 439 Mass. 1103, 786 N.E.2d 395 (2003).

On April 6, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent hereby files this memorandum of law in support of the motion to dismiss.

## ***ARGUMENT***

**I.    THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Pursuant to 28 U.S.C. § 2244(d), as amended by the AEDPA:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing

                    an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petition in this case was filed on April 6, 2004. For purposes of the AEDPA, enacted on April 24, 1996, the petitioner's conviction became final on June 12, 1991, when the defendant plead guilty. *Commonwealth v. Balliro*, 437 Mass. 163, 166, 769 N.E.2d 1258, 1262 (2002) (a guilty plea is a conviction; after defendant pleads guilty "nothing more is required except for the court to give judgment and sentence"). In cases where a conviction became final before the passage of the AEDPA, *i.e.,* before April 24, 1996, petitioners were given a one-year grace period to file a habeas corpus petition. *Gaskins v. Duval,* 183 F.3d 8, 9 (1st Cir. 1999). *See Rogers v. United States,* 180 F.3d 349, 351-352 (1st Cir. 1999), *cert. denied,* 120 S.Ct. 958 (2000); *Libby v. Magnusson*, 177 F.3d 43, 45 (1st Cir. 1999). That grace period elapsed on April 24, 1997. The petitioner therefore had until the end of the one-year "grace period"-- April 24, 1997 -- to file his

federal habeas petition or a post-conviction motion that would toll the statute of limitations period. *Gaskins,* 183 F.3d at 9. The petitioner did file a post-conviction motion, but not until November 15, 1999, long after the one year grace period had expired. Therefore, his petition for habeas corpus, filed on April 6, 2004, almost thirteen years after his conviction became final, and almost seven years after his grace period expired on April 24, 1997, is time-barred under the statute of limitations for habeas petitions set forth in 28 U.S.C. §2244(d), and must be dismissed.

## **_CONCLUSION_**

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

                        Respectfully submitted,
                        THOMAS F. REILLY
                        Attorney General

                        /s Susanne G. Reardon
                        Susanne G. Reardon, BBO # 561669
                        Assistant Attorney General
                        Criminal Bureau
                        One Ashburton Place
                        Boston, Massachusetts 02108
                        (617) 727-2200, ext. 2832

Date: May 20, 2004

**CERTIFICATE OF SERVICE**

    I hereby certify that true copies of the above documents were served on Sean M. Thomas, pro se, P.O. Box 8000, Shirley, MA 01464 by first class mail, postage prepaid, on May 20, 2004.

                                              /s Susanne G. Reardon
                                              Susanne G. Reardon
                                              BBO # 561669
                                              Assistant Attorney General
                                              Criminal Bureau
                                              One Ashburton Place
                                              Boston, Massachusetts 02108
                                              (617) 727-2200, ext. 2832