UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUL -1  P II: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

SEAN M. THOMAS
PETITIONER

v.

EDWARD FICCO
RESPONDENT

CIVIL ACTION No. 04-10701-JLT

PETITIONER'S AFFIDAVIT IN SUPPORT
OF OPPOSITION TO THE RESPONDENT'S
MOTION TO DISMISS PETITION FOR
WRIT OF HABEAS CORPUS

---

I, Sean M. Thomas, say that the following paragraphs are true and accurate to the best of my knowledge under Pains and Penalties of Perjury.

1. In September/1992, I contacted Ms. Holly A. Clarke ("Ms. Clarke" hereinafter), the court-appointed counsel at my guilty plea hearing in June/1991, to request all and any "discovery material" pertaining my criminal cases in which I had plea guilty to, for the reason that I was not in possession of the previous discovery material. 1/

2. On September 10, 1992, I called Ms. Clarke by telephone through a collect-call from a State prison, Old Connely Correctional Center ("OCCC" hereinafter). During this phone call, I asked her the where abouts of the requested discovery

---

1/ I had been subjected to prison staff abuse due the fact that I was serving prison time for a sexual offense and after receiving my personal property which was contained in the "property unit" I had discovered that the prison staff that was in charge of containing my property was mistreating and destroying personal and legal material that consisted my personal/privileged in-coming mail and legal mail that involved documentation pertaining my criminal case.

-2-

material for reasons that I have not yet received it. Ms. Clarke told me that she sent all the material that I requested. 2/

3. In March of 1994, I had contacted Ms.Clarke for the first since September/1992, where she had relocated to another office. I had told Ms.Clarke that I have yet to obtain the discovery material and that I wanted to get the transcripts of the line-up that was video tape. Ms.Clarke said she will contact the Assistant District Attorney ("ADA" herinafter), a Ms.Rosalind Miller and obtain the requested transcripts. 3/

4.Ms.Clarke had failed to contact me regarding the requested transcripts. I had tried to write Ms.Clarke but was unsuscessful, after I called her office in which I was told Ms.Clarke was on paternity leave from June/1994 until next year, of March/April of 1995.

5. In June 4th of 1994, I had been subjected to physical abuse from the prison guard in which they assaulted me and result of defending myself I was charge with assaulting a staff and the Department of Correction sentenced me six-months in the Departmental Disciplinary Unit ("DDU" hereinafter). 4/

---

2/Ms.Clarke,   did not send the discovery material.On 9/12/02, I called Ms.Clarke, about the where abouts of the discovery material and she said that I should be receiving it in the mail. However, it was apparant that that she sent it to the wrong address. See exhibit (exh. hereinafter) #1

3/See exh.#2

4/During this time I was subjected to further abuse from prison guards while confined in DDU. and they started obstructing my incoming and out-going personal/legal mail.

6. While confined in the DDU facility, while being subjected to abuse from the prison staff, became aware that my out-going mail by 1st-Class postage was being dispose of so therefore I started sending my out going mail by "Certify Mail".

7. I sent a letter to Ms.Rosalind Miller by Certify mail, on February 6,1995 (See exh. #3), which included a "Return Signed receipt". The was addressed to obtain the transcripts of the line-up that video taped. However, Ms.Rosalind Miller failed to respond to me if she had received my letter.

8. On April 1, 1995, I sent a letter to the Massachusetts Association of crimnial Defense Lawyers ("MACDL" hereinafter), requesting a referal list of pro bono attorneys that assist a prisoner who is seeking post-conviction relief due to the fact my former court-appointed lawyer denied me effective assistance of counsel, and some requested discovery material.

9. On April 14,1995, I was in receipt of a response from a staff member at the Harvard Law School of "Prison Legal Assistance Project" ("PLAP" hereinafter). Who informed me that the letter I sent to MACDL have been refered to PLAP. The staff member a Pamela Cameron had sent a copy of a Post-Conviction Relief Manual and list of referals. See exh.#4. 5/

10. At this time, on May 20,1995, I sent a letter to the Boston Bar Association requesting a referal of pro bono lawyers to me with post-conviction relief. On may 25,1995 I receied a letter from aMary Lee Walsh of Boston Bar Association, suggesting

---

5/The post-conviction manual that PLAP sent was in poor condition due the the very small print that apparantly been copied beyond legible printing.

Case 1:04-cv-10701-JLT   Document 11   Filed 07/01/2004   Page 4 of 6

-4-

that I writ to the Committee for Public Counsel Services ("CPCS" hereinafter), to a Denise Simonini, who appoint private counsel in appellate and post-conviction matters. See exh.#5

11. At this time I was forced to write Ms.Clarke's Office/Division by which I wrote to Ms.Clarke and the Members of CPCS, I wrote 17-letters and until June 6,1996, I was appointed a "Screening Lawyer," a Mr.Joseph Balliro. See exh.#6 A-through-O

12. Prior to being "given" a private to screen my "Motion to Withdraw Guilty Pleas and for A New Trial ("Rule 30(b) Motion" hereinafter), I had to write the Office of Balliro and Mandano requesting that he provide me with assistance obtaining discovery material from the courts and that I needed help in making a Rule 30(b)Motion. See exh.#7. 6/

13. When I thought that Balliro purposely failed to write me, I filed a Revised Rule 30(b)Motion to the court from what I could interpet from the post-conviction manual. The courts never even received the Rule 30(b)Motion because the prison officials was mistreating and disposing my legal mail. 7/

14. I was targeted by prison officials where I received numerous "disciplinary Reports" ("D-Reports" hereinafter),see exh. #8 which shows that I was suffered from abuse and for my reactions, I was disciplined on a regular basis. 8/

---

6/At that time I was suing the prison Official for causing me physical and mental injuries from them retaliating against me because I wrote the Warden and Deputy Warden about some prison guards subjecting me to abuse.

7/I had sent the revised Rule 30(b)Motion in October/1996, where I had no knowledge of the about the prison officials disposing my legal mail.

8/See exh.#8, a "Chronolgy of Disciplinary Reports" interpeted by the Department of Correctional parole officer.

-5-

15. Attached are letters that I wrote to the Deputy Warden regarding the absue that prison officials subjected me to during the time of my action of seeking civil action against the Department of Corrections. See exh.#9

16. On march 6,1997, I had suffered enough of the prison officials abuse and became very disruptive and threaten to do bobily harm to any prison official that continue to retaliate against me. Due to my threats, I was placed in solitary confinement. See exh.#10

17. In July/1997, I met with Private Attorney, Mr. Joseph Balliro ("Balliro" hereinafter), who informed that he never received my letters after I asked him about not responding to my letters. At that I explained to him that I sent a Revised Rule 30(b)Motion to the courts and a motion for Appointment of counsel, further that I was certain that the prison officials were disposing my legal mail.

18. I had wrote to the court to receive a docket entry to see if the court received my revised Rule 30(b)Motion and my Motion for Discovery. The letter that I sent to the court, was dated July 7,1997, and on or about July 20,1997 I received the docket entry from the courts and it showed that no Rule 30(b)Motion was filed to this court.

19. I filed a criminal complaint to the proper authorities, the Post Master General office, the Bureau of Special Investigation and the Attorney General's Office, addressing t misconduct of prison officials that were disposing my legal mail. See exh.#11 9/

---

9/I had sent the complaints by certify mail.

-6-

20. I, Sean M. Thomas, have sworn under pains and penalties that the following paragraphs 1-through-20 are true and acurrate to the best of my knowledge. Signed on this 15th day of June, 2004, _/s/ Sean M. Thomas_.