UNITED STATES DISTRICT COURT
OF
THE DISTRICT OF MASSACHUSETTS


SEAN MAURICE THOMAS
PETITIONER

v.

EDWARD FICCO
RESPONDENT

CIVIL ACTION No. 2004-10701-JLT

MOTION FOR OBJECTION TO THE
JUDGE MAGISTRATE'S FINDINGS
AND RECOMMENDATION ON THE
RESPONDENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS

Now comes the Petitioner who hereby moves this Honorable Court to sustain his objections to the United State District Court, Judge Magistrate's Findings and Recommendation on Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Relief. Pursuant to Rule 3(b), Petitioner's objections are according to the following:

<u>Equitable Tolling Prayer</u>

A. Petitioner's Objection to the Judge Magistrate's findings within Docket No. 6; Page (5) "The allegations of mail tampering raised by Petitioner are of a most serious nature,.... If proven, the allegations likely warrant some amount of equitable tolling."

1. Petitioner's Affidavit in support of Opposition to Respondent's Motion to Dismiss Petition for habeas

-2-

corpus, in which Petitioner provided evidence documented as exhibits 1-through-11, pertaining written letters sent to (and the responses from) prison officials, which described prison guards abuse suffered by Petitioner and also the obstruction of Petitioner's out-going legal mail.

2. The District Court Judge Magistrate's failure to acknowledge the relevance of the evidence, whereby, the abuse suffered by Petitioner at the hands of prison guards, is essential to Petitioner's accusations of mail tampering by prison officials during August-1996, October-1996 and from July-1997, until July-1998.[1] The Judge Magistrate's attention regarding evidence in support of Petitioner's Affidavit, have complicated Petitioner entirely; as to whether or not the Judge Magistrate find relevant the evidence in support of Affidavits.[2]

B. Petitioner's objection to the Judge Magistrate's findings within Docket No. 6, on Pages (5) through (6),

---

[1] On July 24, 1997, Petitioner was assaulted and badly beaten by prison guards who retaliated and sought to do bodily harm upon Petitioner because of his association with an inmate who had been accused of assaulting a prison guard that had suffered severe and extremely injuries where he had to be transported to a City hospital. Petitioner was placed in segregation where he was beaten a second time after he was escorted from his housing unit cell, to an unsupervised location where he originally was beaten. However, Petitioner's personal property that was in his cell had been removed and destroyed due to mistreatment by prison officials responsible for keeping storage of inmates' property. Petitioner's personal property that was destroyed consist all his criminal offender Record Information material including his guilty plea transcripts and his legal supplies (See Affidavit in support of Motion to object).

[2] Petitioner's Affidavit in support of Motion to object, contains evidence documented

This allowed prison officials to take possession of Petitioner's legal mail (with the order form attached, requesting certified mail service), still prison officials managed to prevent Petitioner's out-going legal mail from being sent out and without applying the certified mail article items onto the envelopes. 3] Petitioner's attempt to notify the proper authorities did not make prison officials stop from misbehaving.

<u>C. Petitioner's objection to the Judge Magistrate's findings within Docket No. 6; Page (6)</u> "Foremost, there is neither an explanation as to why the Petitioner did not pursue habeas relief at that time, nor is there a suggestion that such relief was pursued but thwarted by prison officials vis-a-vis mail tampering or other obstructions."

    1. From March-1998, Petitioner sought to receive the discovery material that he needed and the required criminal law to substantiate his rights timely in his motion to withdraw guilty pleas, for reasons the members of the Committed For Public Counsel had been misleading Petitioner about how to timely file

---

3] It was during this time prison officials were causing the Petitioner to suffer on daily basis while he was placed in segregation. The Prison guards would conduct inappropriate acts with Petitioner's meals, forcing Petitioner not to eat and where he would receive one and sometimes two meals of three meals Petitioner is suppose to get. Further, prison officials had reasons to believe that Petitioner was going to notify the criminal District Court to file criminal charges. Petitioner was without his property due to mistreatment by prison officials who Removed his property, where the items that was destroyed was never replaced after Petitioner file grievance to the Warden and the Commissioner of Corrections, both who informed Petitioner that they concluded that the described abuse and assaults upon Petitioner were of no substance. Prison officials denied Petitioner access to the courts when they denied him legal supplies and mailing articles items for five months,

motions to withdraw Guilty Pleas and for A New Trial ("New Trial Motion" hereinafter), when they allowed the screening Attorney Mr. Joseph Balliro ("Balliro" hereinafter) to falsified his screening of Petitioner's New Trial Motion, due to the fact Balliro never received Petitioner's New Trial Motion, due to prison officials who tampered with Petitioner's out-going legal mail and the falsified screening by Balliro was submitted to the members of the Committee for Public Counsel Services ("CPCS" hereinafter), seven pages long. Petitioner was not informed of the

the United States Supreme Court of the Antiterrorism and Effective Death Penalty Act's ("AEDPA" hereinafter) April 24, 1996 amendments, a strict one year time limitation.[4] However, Petitioner's due diligence of writing to the Courts from March-1998 until December-1998, to obtain discovery material was of no use for reason Petitioner's case was not available to be transcribe pursuant to the Supreme Judicial Court Rule 1:12, that Court Reporters are required to keep transcription for only six years. The members of CPCS were responsible of preventing petitioner of filing his New Trial Motion in a timely manner, where Petitioner had to exhaust the appeal remedy to the CPCS members'

---

[4] Petitioner New Trial motion that he filed in October-1996, was not in hopes to meet the one year limitation of the AEDPA due to the fact that petitioner New Trial Motion was to be according to the Post-conviction Manual that he received from the Prison Legal Assistance Project (PLAP hereinafter) of the Harvard Law School, in April-1995. The Post-Conviction Manual was out-dated apparently due to the AEDPA of April-1996. However, the prison Law-Library at which Petitioner been denied Access from July-1997 until December-1997, failed to have the mandated enactment due to the fact the prison Law Library was very seriously inadequate. Further, none of the Prisoners' Legal assistance agencies such as the Harvard Law School, Massachusetts Correctional Legal Services, and Northeastern University School of Law had notified the state prisons of the Supreme Court's enactment of the AEDPA. However, Petitioner was denied meaningful access to the Courts from July-1997 until March-1998.

decision to denied Petitioner Appointment of Appellate Counsel under the recommendation of Ballire, who falsified his Screening report. Further, not during any time that Petitioner sought to Appeal the falsified Screening, did the members of CPCS informed Petitioner of the Supreme Court's enactment of the AEDPA of 1994, the month of April. However, Petitioner Appeal Remedy became final in December-1998, whereby, in November-1998, prison officials had temporarily lost Petitioner's property that consist legal material and criminal Law of Rules and Procedures until April-1996, by which Petitioner receive some of the remaining property that had been found.[5]

## Conclusion

Therefore, for the foregoing reasons stated within the Petitioner's Motion For Objection, Petitioner's Objections to the United States District Court Judge Magistrate's Findings and Recommendation, should be Sustain and should not be overruled for reasons Petitioner have stated within his Affidavit in support of his Motion To Object, that he should be allowed Equitable Tolling during July-1997 until December-1997, March-1998, until December-1998 and December-1998 until March-1999.

---

[5] In November-1998, the Massachusetts Correctional Institutional-Cedar Junction State Prison where Petitioner was incarcerated, had transferred Petitioner (including some 650 inmates) to the new prison of Souza-Baranowski Correctional Center located in Shirley, Massachusetts. It was during this transfere that Petitioner's Property had got lost along with the remaining property of other inmates, where the prison officials of being in-charge of keeping storage-shipping and handling of inmates' property had tried to ship the stored property of some 650 inmates to the new prison.

– 7 –

Respectfully submitted,

*Sean M. Thomas*
Sean M. Thomas, Pro Se
SBCC
P.O. Box 8000
Shirley, MA. 01464

Dated: 9/24/04