UNITED STATES DISTRICT COURT
OF
THE DISTRICT OF MASSACHUSETTS

SEAN M. THOMAS
PETITIONER

V.

EDWARD FICCO
RESPONDENT

1:04-cv-10701 JLT

PETITION TO THE DISTRICT COURT
OF
CERTIFICATE OF APPEALABILITY

Now comes the Petitioner who hereby moves this Honorable Court to allow Certificate of Appealability whereby, on October 25, 2004, the District Court Judge Joseph L. Tauro ORDER entered ORDER ADOPTING REPORT AND RECOMMEDATIONS for [15]Findings of Fact & Conclusions of law, Report and Recommendations, [6]Motion to dismiss filed by Edward Ficco Action on motion: ALLOWED.

In order for the Petitioner to appeal said Order to the United States Court of Appeals for the First Circuit, the Petitioner respectfully request that this Court issue a Certificate of Appealability, pursuant to 28 U.S.C. §2253, and Rule 22(b) of the Federal Rules of Appellate Procedure. Petitioner maintains that he is entitled to redress on appeal on the following grounds, which substantially shows that he was denied his constitutional rights:

1. Petitioner was denied his constitutional right to meaningful access to state post-conviction courts. See Bonds v. Smith, 430 U.S. 817, 825 (1977)(due process right to "reasonable

(2)

adequate opportunity to present claimed violations of fundamental rights to court"). Accord Lewis v. Casey, 518 U.S. 343, 350 (1996). The "right of access to court... is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." Wolff v. McDonnell, 418 U.S. 539, 579 (1974). "It is clear that ready access to the Courts is one of, perhaps the, fundamental constitutional right." Cruz v. Hauck, 475 F.2d 475, 476 (5th Cir. 1973)(prison regulations may unreasonably invade prisoner's relationship to courts)(emphasis in original).

In the instant case, Petitioner had provided evidence documented as exhibits, attached to his Affidavit that is in support to Petitioner's Motion for Objection. Whereby, Petitioner demonstrated that after his attempt to send his legal mail addressed to the State Courts and to the members of the Committee for Public Counsel Services("CPCS" hereonafter), by certified mail service, the prison officials had prevented the mail articles from reaching the post office, however, the legal mail was handed to the correctional case-worker in order to have the certify mail stickers placed onto the envelopes. The prison officials were retaliating against Petitioner for reasons a prison guard had suffered severe injuries regarding an altercation with an inmate who Petitioner had befriended and was deeply associated with. On the day of the altercation between the prison guard and the inmate, Petitioner was badly beaten and suffered injuries by prison guards because of Petitioner association with the inmate. The

(3)

tampering of Petitioner's legal mail by the prison officials had continue from Petitioner's placement in segregation in July/1997 until March/1998. During these months Petitioner had received inadequate law library service and during which was denied access to the law library when the prison officials failed to update the mandated criminal and civil law described within the Massachusetts State and Federal Rules of Procedures and other criminal and civil practices for state and federal courts. Petitioner was denied the required law to proceed and seek post-conviction relief and therefore, Petitioner was without meaningful access to the courts. The members of CPCS had assigned a screening attorney to review Petitioner's claims for post-conviction relief, by which the screening attorney falsified his findings for recommending that the Petitioner proceed pro se, because Petitioner's claims of denied effective assistance of counsel is without merit. This recommendation came after the Petitioner notified the members of CPCS about terminating the screening attorney's review for failure to obtain the discovery material and failure to inform CPCS that Petitioner's former court-appointed counsel misinformed Petitioner and misled Petitioner about the criminal case proceedings and that of the plea bargain recommendations. Lastly, the screening attorney waited from June/1996 until February/1998 to submit his findings and recommendations to denied appointment of appellate counsel. At this time Petitioner sought and exhaust the remedies to appeal the screening attorney's findings and CPCS executives' adopting the screening attorney's recommendation where they refused to consider the evidence in support of Petitioner's

(6)

they provide legal criminal assistance in which they informed Petitioner that their office does not provide such services. In Smith v. Bounds, 610 F.Supp. 597, 603(E.D.N.C. 1985), aff'd, 813 F.2d 1299(4th Cir. 1987), aff'd en banc & supplemented, 841 F.2d 77(4th Cir.)(per curiam), cert. denied, 488 U.S. 869(1988)("The best method to insure... access would be to set up a prisoners legal services program or provide some other form of assistance of counsel").

CONCLUSION

The District Court for the 1st Circuit should issue Certificate of Appealability for reasons the Petitioner has demonstrated that reasonable jurists could conclude that the District Court's erred in adopting the Judge Magistrate ruling allowing respondent Motion for Dismissal to the Petitioner Writ for Habeas Corpus relief pursuant 28 U.S.C. § 2254. as time barred.

Respectfully submitted,

Sean M. Thomas, Pro se
MCI-CEDAR JUNCTION
P.O. BOX 100
S.WALPOLE, MA. 02071

DATED: 1/31/05

UNITED STATE DISTRICT COURT
OF
THE DISTRICT OF MASSACHUSETTS

SEAN M. THOMAS
PETITIONER

V.

EDWARD FICCO
RESPONDENT

CERTIFICATE OF SERVICE

I, Sean M. Thomas, say that I have sent a true copy of the said COA to the Respondent counsel, a Ms. Susanne G. Reardon, Assistant Attorney General, 1, located at 1 Ashburton Place, Criminal Bureau, in Boston, Ma. 02108, on this 14th day of January.

*[signature]*