UNITED STATES DISTRICT COURT
OF THE
DISTRICT OF MASSACHUSETTS


SEAN M. THOMAS
PETITIONER

V.

EDWARD FICCO
RESPONDENT


1:04-cv-10701-JLT


PETITIONER MEMORANDUM OF LAW
IN SUPPORT OF RENEWED
CERTIFICATION OF APPEALABILITY

**INTRODUCTION**

The Petitioner hereby request to Renewed Certificate of Appealabilty, for reasons that he is Pro se and he was unaware that pursuant to 28 USC § 2253(c), Petitioner must state the claim in which he was denied a constitutional right. Whereby, Petitioner was misinformed by a jail house lawyer, that Petitioner must argue the issues set forth in the Report & Recommendation of Magistrate Judge's Decision and Order. On or about July 28, 2005, Petitioner received a notice of electronic filing, the District Court Judge's order entered, for the reason stated in [15] Report & Recommendation, Petitioner failed to make a substantial showing of a denial of a constitiutional right, [26] Motion for Certificate Of Appealability is DENIED.

Therefore, the Petitioner move to raise claims that he was denied a constitutional right in this here Renewed Certificate of Apppealability.

Petitioner's Habeas Corpus petition raise the following issues:

[1] Whether the state court-appointed counsel ("Counsel" hereinafter), denied the Petitioner effective assistance of counsel during the pre-trial proceedings and subsequently during the pre-trial investigation.

[2] Whether counsel's advice to have the Petitioner make a change of plea from a not guilty plea, to a plea of guilty, was within the range of competence demanded of attorneys in criminal cases.

[3] Whether there is a probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial, and therefore, was the appellate court's adjudication was an unreasonable determination.

### ARGUEMENT

[1] Challenges to guilty pleas based on ineffective assistance of counsel are evaluated under the familiar two-prong cause and prejudice test set forth in <u>Strictland</u> v. <u>Washington</u>, 466 U.S. 688,678-88, S.Ct. 2052 (1984). Where a claim of ineffective assistance of counsel is directed to a guilty plea, the second prong of the test requires a Petitioner to show "that there is a probability that, but for counsel's errors, he would not plead guilty and would have insisted on going to trial of jury" <u>Hill</u> v. <u>Lockhart</u>, 474 U.S. 52,59, 106 S.Ct. 366, (1985).

[2] The Petitioner's Habeas Corpus petition asserts that counsel denied him effective assistance of counsel in conjunction with his guilty pleas and the pre-trial investigation preceding it.

(2)

A guilty plea is a "grave and solmn act" that results in a waiver of a constitutional right to a trial. Brady v. United state, 307 U.S. 742, 748, 90 S.Ct. 1463 (1970). The plea must represent a "voluntary and intelligent choice among the alternate courses of actions open to the Petitioner. Hill v. Lockhart, 474 U.S. 52, at 56... Counsel for the Petitioner, failed to perform the duty to research the applicable law of "fingerprints-only cases" and advise the Petitioner in such a way as to allow him to make informed choices when counsel undertakes to represent a criminal [d]efendant. See Straw v. U.S., 931 F.Supp. 49,51-52, (D-Mass.1996).

The Petitioner's fingerprints discovered on a glass jar located in the second bedroom, was the only evidence that link him to the crime, prosecution for aggravated rape. The crime took place in a different bedroom, in the doorway of the master-bedroom. The federal district court have held that fingerprints evidence alone may under certain circumstances support a conviction. However, in "fingerprints-only cases" in which the prosecution's theory is based on the premise that the Petitioner handled certain objects "while committing the crime in question," the record must contain sufficient evidence from which the trier of fact could reasonably infer that the fingerprints were in fact impressed at that time and not at some earlier date. See United States v. Talbert, 710 F.2d. 528, 530-31,(9th Cir.1983); United States v. Lonsdale, 577 F.2d 923, 926 (5th Cir.1978); United States v. Van Fossen, 460 F.2d 38, 41,(4th Cir.1972); Borum v. United States, 380 F.2d 595 (D.C.Cir.1967).

    [3] The state appellate court's adjudication of the Petitioner's appeal from the adverse ruling during the time of post

conviction proceedings regarding the motion Judge' denial of the Petitioner's Motion to Withdraw Guilty Pleas and For A New Trial. See Commonwealth v. Thomas, 56 Mass.App.Ct.1113, 779 N.E.2d 1004, (2006);(Memorandum and Order; Rule 1:28, an unpublished opinion). The state court failure to identify the standards set forth in Strictland and Hill and its neglect to the applicable law of finger-prints evidence, where the state court did not determine that counsel failed to offer the required advice to Petitioner on whether he should plea guilty to a lesser offense and did not determine that counsel failed to conduct a duty following her "independent examin-ation of facts, circumstances, pleadings and laws involved, and then to offer her infromed opinion as to what plea should be entered." The state court's adjudication was an unreasonable determination. See Von Moltke v. Gillies, 332 U.S. 708,721, 68 S.Ct. 316 (1948).

## CONCLUSION

Therefore , the reasons stated within the renewed Certificate of Appealability, Petitioner's COA should be allowed and that the Petitioner's Renewed COA successfully substantiate that he was denied a constitutional right, which his Habeas Corpus Petition makes a substantial claim of a denied constitutional right.

Respectfully submitted,

Sean M. thomas, Pro se.
MCI-Cedar Junction
P.O.BOX 100
S.Walpole,MA. 02071

DATED:

UNITED STATES DISTRICT COURT
OF THE
DISTRICT OF MASSACHUSETTS

SEAN M. THOMAS
PETITIONER

V.

EDWARD FICCO
RESPONDENT

1:04-cv-10701-JLT

CERTIFICATE OF SERVICE

I, Sean M. Thomas, say that I sent a true copy of the said Renewed Certificate Of Appealability to the Respondent's Attorney, a Ms. Susanne G. Reardon, located at One Ashburton Place, Criminal Bureau of the Attorney General Ofiice, in Boston, MA. 02108, on this 10th day of August, 2005

*Sean M. Thomas*