**MANDATE**

04-10701
USDC/MA
Tauro, J

# United States Court of Appeals
## For the First Circuit

No. 04-2633

SEAN MAURICE THOMAS,
Petitioner, Appellant,

v.

EDWARD FICCO, SUPERINTENDENT,
Respondent, Appellee.

Before

Lipez, <u>Circuit Judge</u>,
Campbell, <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

**JUDGMENT**

Entered:   January 16, 2007

In this application for a certificate of appealability (COA), petitioner Sean Thomas argues that the district court erred in dismissing his habeas petition, filed under 28 U.S.C. § 2254, as time-barred.   <u>See</u>  28 U.S.C. § 2244(d)(1).   In particular, petitioner contends that the court should have tolled the limitations period based on, among other things, interference with his legal mail by prison officials.  The problem for petitioner, as explained below, is that even if the limitations period is tolled during <u>all</u> of the time that he is claiming, his § 2254 petition still was filed late.

In this regard, the following time line assumes, as petitioner wishes, that the statute of limitations was tolled through March 1999 and, thus, did not begin running until April 1, 1999:

1.  The limitations period ran for 228 days from April 1, 1999 to November 15, 1999, the date petitioner filed his state postconviction motion;

2.  The time from the filing of the postconviction motion until the Massachusetts Supreme Judicial Court denied review on April 2, 2003 is

           excluded from the limitations period, see 28 U.S.C. § 2244(d)(2);

3. April 3, 2003 -- the limitations period commenced to run again, and 137 days remained in this period;

4. August 17, 2003 -- the limitations period expired;

5. April 6, 2004 -- petitioner filed his § 2254 petition.

From the foregoing, it is plain that petitioner missed the one-year deadline contained in § 2244(d)(1) by over seven months. As a result, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling, and petitioner's application for a COA must be denied. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner's motion to proceed in forma pauperis on appeal therefore is denied as moot, and this proceeding is terminated.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____

Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

_____
**Deputy Clerk**

**Date:** 2/13/07

[cc: Sean Thomas, Susanne G. Reardon, Esq.]